UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK TRACY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 18-2688 (BAH) |
| JAMES T. KRATOVIL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiffs, a married couple, Cheryl and Mark Tracy ("the Tracys"), and LCS Outreach Ministries, Inc. ("LCS"), bring this action against their former attorney, the defendant James T. Kratovil, Esq. ("Kratovil" or "the defendant"). Kratovil moves to dismiss the complaint for lack of subject matter jurisdiction and personal jurisdiction, under Federal Rules of Civil Procedure 12(b)(1) and Rule 12(b)(2), respectively. For the reasons discussed below, the defendant's motion to dismiss for lack of personal jurisdiction is GRANTED.

## I. BACKGROUND

The Tracys, both citizens of the District of Columbia, *see* Compl., Sec. II.B., retained Kratovil, an attorney in Charles Town, West Virginia, *see id*., Sec. I.B., to represent them before a West Virginia state court, *see generally id*., Sec. III. According to the Tracys, "Kratovil was negligent when he failed to file a timely motion for summary judgment." *Id*., Sec. III ¶ 1. In addition, Kratovil "was late filing [their] Dissolution case" promptly after he was contracted to do so on September 16, 2016. *Id*., Sec. III ¶ 2. As compensation for Kratovil's "neglect,

blunders, breach of contract, added property damages and violation of [their] rights," *id.*, Sec. IV, the Tracys demand damages totaling $400,000, *id.*, Sec. II ¶ 3; *see id.*, Sec. IV.

## II. DISCUSSION

Each of ground put forward for dismissal of this action is addressed, beginning with the defendant's argument that this Court lacks subject matter jurisdiction.

### A. Subject Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction," and "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The plaintiff bears the initial burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction over her claim. *Id.*; *see Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). In deciding a motion brought under Rule 12(b)(1), the Court "may consider materials outside the pleadings" and it must "accept all of the factual allegations in the complaint as true." *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) (internal quotation marks and citations omitted).

Federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The Tracys attempt to demonstrate diversity jurisdiction based on their residence in the District of Columbia and Kratovil's residence in West Virginia, plus a demand for damages exceeding $75,000. Kratovil argues that LCS "is registered as a 501(c)(3) a non-profit corporation in the state of West Virginia" with "corporate headquarters . . . in Martinsburg, WV[.]" Mem. in Support of Def. James T. Kratovil's Mot. to Dismiss ("Def.'s Mem.") at 6. Because "LCS . . . has West Virginia

citizenship for diversity purposes," *id*., Kratovil argues that "there is not complete diversity of the parties," *id*., which deprives this Court of jurisdiction.

Even if "LCS . . . is a legally certified business operating in the District of Columbia," Mem. to Oppose Def.'s Mot. to Dismiss at 1, it is a corporate entity, the legal interests of which the Tracys cannot represent because they are not attorneys. For this reason, the Court issued an Order on February 11, 2019 (ECF No. 8) that counsel enter an appearance on its behalf by March 1, 2019. Counsel has not entered an appearance, and, as the Court warned the Tracys, LCS Outreach Ministries, Inc. will be dismissed as a party in this action. Complete diversity exists between the remaining parties, the Tracys and Kratovil, and, therefore, the Court denies Kratovil's motion to dismiss for lack of subject matter jurisdiction.

### B. Personal Jurisdiction

When personal jurisdiction is challenged under Rule 12(b)(2), the plaintiffs bear the burden of establishing a factual basis for the Court's exercise of personal jurisdiction over the defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *First Chi. Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). To sustain this burden, "a plaintiff must make a *prima facie* showing of specific and pertinent jurisdictional facts that connect the defendant to the forum." *Toumazou v. Turkish Republic of N. Cyprus*, No. 14-7170, 2016 U.S. App. LEXIS 787, at *2 (D.C. Cir. Jan. 15, 2016) (per curiam) (citing *First Chi. Int'l*, 836 F.2d at 1378-79). Only bare allegations or conclusory statements, however, "[do] not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983); *see also United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (noting that the court "may receive and weigh affidavits and any other relevant matter to assist it in determining

the jurisdictional facts."). While *pro se* complaints must be construed liberally, *see Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), *pro se* plaintiffs are not "freed from the requirement to plead an adequate jurisdictional basis for [their] claims," *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010).

"Personal jurisdiction takes two forms: (1) general or all-purpose jurisdiction or (2) specific or case-linked jurisdiction." *Vasquez v. Whole Foods Mkt., Inc.*, 302 F. Supp. 3d 36, 45 (D.D.C. 2018) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal quotation marks omitted). The Court may exercise general jurisdiction if the defendant's "affiliations with the State are so 'continuous and systematic' as to render [him] essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Ordinarily, a court in the place of an individual's domicile, *see id*. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]"), or a corporation's "place of incorporation and principal place of business," *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), may assert general jurisdiction. Thus, under District of Columbia law, "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in . . . , or maintaining his . . . principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. In this case, the Tracys neither allege in their complaint nor make any other showing that Kratovil is domiciled in or maintains his principal place of business in the District of Columbia. Consequently, general jurisdiction may not be exercised over Kratovil.

To show "specific jurisdiction, a plaintiff must allege that the defendant's contacts with the forum gave rise to the asserted claims." *Toumazou*, 2016 U.S. App. LEXIS 787, at *2-3 (citing *Goodyear*, 564 U.S. at 919 and D.C. Code § 13-423); *see also Vazquez*, 302 F. Supp. 3d

4

at 46 (noting that specific jurisdiction requires showing that the claim giving rise to the lawsuit "is related to or arises out of the non-resident defendant's contacts with the forum." (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.3 (1984))). "To establish personal jurisdiction over a non-resident [the Court] must first decide whether statutory jurisdiction exists under the District's long-arm statute and, if it does, then [the Court] must determine whether an exercise of jurisdiction would comport with constitutional limitations." *Forras v. Rauf*, 812 F.3d 1102, 1105-06 (D.C. Cir. 2016) (citing *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000)).

In relevant part, the District of Columbia long-arm statute provides that:

> A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's —
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia; [or]
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia . . . .

D.C. Code § 13-423(a).[1] Here, the Tracys allege that they hired Kratovil to provide legal services in West Virginia. No facts are set out in their complaint, nor do the Tracys otherwise show, that Kratovil transacted business, contracted to supply services, or caused tortuous injury in the District of Columbia.

Even if the Tracys were successful in demonstrating that the long-arm statute reaches Kratovil, they utterly fail to demonstrate that Kratovil has "certain minimum contacts with [this

---

[1] The alternative bases set forth under the long-arm statute for exercising jurisdiction are inapplicable to this case.

forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)) (additional citations omitted). In short, the Tracys do not show any connection between Kratovil and the District of Columbia "such that [he] should reasonably anticipate being haled into court" in the District of Columbia. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

## III. CONCLUSION

For the foregoing reasons, LCS Outreach Ministries, Inc. is dismissed as a party plaintiff. Although the Tracys have established that diversity jurisdiction exists, they fail to demonstrate that this Court may exercise personal jurisdiction over Kratovil. Therefore, Kratovil's motion to dismiss for lack of personal jurisdiction is GRANTED. The Tracys' Motion to Request Chief Judge to Create a Committee on Pro Se Litigation, which the Court construes as a motion for appointment of counsel, will be denied as moot. An Order is issued separately.

DATE: April 29, 2019 /s/ *Beryl A. Howell*

                                                                                               BERYL A. HOWELL
                                                                                               Chief Judge